UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| LLOG EXPLORATION OFFSHORE, L.L.C., | ) |
| Defendant. | ) |

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States, acting at the request of the National Oceanic and Atmospheric Administration ("NOAA") and through the undersigned attorneys, files this complaint and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action brought against Defendant LLOG Exploration Offshore, L.L.C. ("Defendant") with respect to a crude oil spill that occurred at Defendant's Mississippi Canyon Block 209 subsea oil production system ("MC 209") in the Gulf of Mexico beginning on or about October 11, 2017. Plaintiff seeks the recovery of damages for injury to, destruction of, loss of, or loss of use of natural resources, plus the unreimbursed costs of assessing such damages, under Section 1002 of the Oil Pollution Act ("OPA"), 33 U.S.C. § 2702-2762.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and Section 1017(b) of OPA, 33 U.S.C. § 2717(b).

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), and Section 1017(b) of OPA, 33 U.S.C. § 2717(b), because Defendant is located or doing business in this district and this district is the nearest district to which the incident occurred.

## DEFENDANT

4.  Defendant is a Louisiana limited-liability company and was, at all times relevant to this Complaint, an owner, operator, lessee, or permittee of MC 209.

## STATUTORY BACKGROUND

### The Oil Pollution Act of 1990

5.  Section 1002(a) of OPA, 33 U.S.C. § 2702(a), provides that "each responsible party for a . . . facility from which oil is discharged . . . into or upon the navigable waters or adjoining shorelines or the exclusive economic zone is liable for the removal costs and damages specified in [33 U.S.C. § 2702(b)] that result from such incident."

6.  Section 1001(32)(C) of OPA, 33 U.S.C. § 2701(32)(C), defines "responsible party" to include, in the case of an offshore facility, "the lessee or permittee of the area in which the facility is located."

7.  Section 1001(32)(E) of OPA, 33 U.S.C. § 2701(32)(E), defines "responsible party" to mean, in the case of a pipeline, "any person owning or operating the pipeline."

8.  Section 1001(27) of OPA, 33 U.S.C. § 2701(27), defines "person" to include a corporation, partnership, or association.

9.  Section 1001(9) of OPA, 33 U.S.C. § 2701(9), defines "facility" to mean "any structure, group of structures, equipment, or device (other than a vessel) which is used for one or more of the following purposes: exploring for, drilling for, producing, storing, handling, transferring, processing, or transporting oil. This term includes any . . . pipeline used for one or

more of these purposes."

10. Section 1001(22) of OPA, 33 U.S.C. § 2701(22), defines "offshore facility" to mean "any facility of any kind located in, on, or under any of the navigable waters of the United States, and any facility of any kind which is subject to the jurisdiction of the United States and is located in, on, or under any other waters, other than a vessel or a public vessel."

11. Section 1001(23) of OPA, 33 U.S.C. § 2701(23), defines "oil" to mean "oil of any kind or in any form, including petroleum."

12. Section 1001(7) of OPA, 33 U.S.C. § 2701(7), defines "discharge" to mean "any emission (other than natural seepage), intentional or unintentional," and to include "spilling, leaking, pumping, pouring, emitting, emptying, or dumping."

13. Section 1001(8) of OPA, 33 U.S.C. § 2701(8), defines "exclusive economic zone" to include "the zone established by Presidential Proclamation Numbered 5030, dated March 10, 1983." Pursuant to the Presidential Proclamation, the exclusive economic zone "extends to a distance 200 nautical miles from the baseline from which the breadth of the territorial sea is measured."

14. Section 1002(b)(2) of OPA, 33 U.S.C. § 2702(b)(2), provides that the "damages" referred to in Section 1002(a) of OPA, 33 U.S.C. § 2702(a), include "[d]amages for injury to, destruction of, loss of, or loss of use of, natural resources, including the reasonable costs of assessing the damage, which shall be recoverable by a United States trustee, a State trustee, an Indian tribe trustee, or a foreign trustee."

15. Section 1001(20) of OPA, 33 U.S.C. § 2701(20), defines "natural resources" to include "land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and other such resources belonging to, managed by, held in trust by, appertaining to, or otherwise

controlled by the United States (including the resources of the exclusive economic zone), any State or local government or Indian tribe, or any foreign government."

16. Section 1001(14) of OPA, 33 U.S.C. § 2701(14), defines "incident" to mean "any occurrence or series of occurrences having the same origin, involving one or more . . . facilities . . . resulting in the discharge . . . of oil."

## THE SPILL

17. Defendant's offshore facility at MC 209 is located in the Gulf of Mexico approximately 40 miles offshore of Venice, Louisiana.

18. Beginning on or about October 11, 2017, Defendant discharged crude oil into the waters of the Gulf of Mexico from MC 209. The oil spilled from a fractured subsea wellhead jumper that connected the MC 209 Well No. 1 wellhead to a subsea manifold referred to as a Pipeline End Termination. The spill continued into the following day, October 12, 2017, and lasted at least 32 hours.

19. At the time of the spill, Defendant conducted an underwater survey using a remotely operated vehicle and visually confirmed the wellhead jumper as the source of the discharge.

20. Defendant reported to the U.S. Department of Interior's Bureau of Safety and Environmental Enforcement ("BSEE") that the incident resulted in an estimated discharge of 16,000 barrels of oil (672,000 gallons) into the waters of the Gulf of Mexico.

21. Oil was observed around the spill site, including three oil sheens on the surface, but most of the released oil remained trapped at depth or mixed into the water column. Ocean currents flowed southwest at the time of the incident.

22. Defendant's oil discharge polluted portions of the Gulf of Mexico from the sea

floor to the water surface. Numerous types of aquatic life are known to inhabit the oiled areas.

23. Subject to a reasonable opportunity for further investigation and discovery, Defendant's oil discharge caused injury to, destruction of, loss of, or loss of use of "natural resources," including (without limitation) meso- and bathy-pelagic fish and invertebrates and mesophotic and deep benthic communities.

24. The United States Coast Guard, in coordination with NOAA and BSEE, and Defendant, responded to the spill. Response efforts concluded on May 16, 2016.

## CLAIM FOR RELIEF

### Natural Resource Damages under Section 1002 of OPA

25. The preceding paragraphs are realleged and incorporated herein by reference.

26. Defendant is a "person" within the meaning of Section 1001(27) of OPA, 33 U.S.C. § 2701(27).

27. At the time of the oil spill, beginning on or about May 11, 2016, Defendant was an owner, lessee, or permittee of the subsea oil production system, including the leaking pipeline, at MC 209 in the Gulf of Mexico.

28. At the time of the oil spill, beginning on or about May 11, 2016, Defendant was the operator of the subsea oil production system, including the leaking pipeline, at MC 209.

29. Defendant is a "responsible party" for MC 209 and the leaking pipeline within the meaning of Section 1001(32) of OPA, 33 U.S.C. § 2701(32).

30. At the time of the oil spill, Defendant's subsea oil production system at MC 209 in the Gulf of Mexico, including the leaking pipeline, was an "offshore facility" within the meaning of Section 1001(22) of OPA, 33 U.S.C. § 2701(22).

31. The crude oil released during the incident was "oil" within the meaning of Section

1001(23) of OPA, 33 U.S.C. § 2701(23).

32. The spilling of crude oil beginning on October 11, 2017, into the waters of the Gulf of Mexico was a "discharge" within the meaning of Section 1001(7) of OPA, 33 U.S.C. § 2701(7).

33. Defendant discharged oil into the "exclusive economic zone" of the United States within the meaning of Section 1001(8) of OPA, 33 U.S.C. § 2701(8).

34. Subject to an opportunity for further investigation and discovery, Defendant's oil discharge caused injury to, destruction of, loss of, or loss of use of "natural resources" within the meaning of Section 1001(20) of OPA, 33 U.S.C. § 2701(20).

35. NOAA is a designated United States trustees of natural resources injured by Defendant's discharge of oil pursuant to Section 1006(b)(2) of OPA, 33 U.S.C. § 2706(b)(2), Subpart G of the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP") (40 C.F.R. §§ 300.600, *et seq*.), and Executive Order 12580 (3 C.F.R., 1987 Comp. p. 193, 52 Fed. Reg. 2923 (January 23, 1987)), as amended by Executive Order 12777, 56 Fed. Reg. 54757 (October 19, 1991).

36. NOAA is conducting injury assessment efforts and has incurred unreimbursed costs in assessing injuries to natural resources resulting from the oil spill.

37. Pursuant to Section 1002(a) and (b)(2) of OPA, 33 U.S.C. § 2702(a) and (b)(2), Defendant is liable to the United States for damages for injury to, destruction of, loss of, or loss of use of natural resources, including the reasonable costs of assessing such injury, destruction, loss, or loss of use resulting from the discharge of oil from Defendant's offshore facility and leaking pipeline, as alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Award the United States a judgment against Defendant LLOG Exploration Offshore, L.L.C., for all damages for injury to, destruction of, loss of, or loss of use of natural resources, including the reasonable costs of assessing such injury, destruction, loss, or loss of use; and

B. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

**FOR PLAINTIFF UNITED STATES OF AMERICA:**

THOMAS A. MARIANI, JR.
Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice


/s/*Thomas P. Carroll*
THOMAS P. CARROLL
Assistant Section Chief, D.C. Bar # 388593
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P. O. Box 7611
Washington, DC 20044
Tel: (202) 514-4051
thomas.carroll@usdoj.gov

        DUANE A. EVANS
        United States Attorney
        Eastern District of Louisiana

        /s/*Brock D. Dupre*
        BROCK D. DUPRE
        Deputy Chief, Civil Division
        LA Bar Roll No. 28563
        650 Poydras Street, Ste. 1600
        New Orleans, LA 70130
        Office: (504) 680-3005
        Facsimile: (504) 680-3184
        Brock.dupre@usdoj.gov

OF COUNSEL:
Grant Blumberg
Attorney-Advisor
Natural Resources Section
NOAA Office of General Counsel
263 13th Avenue South, Suite 186
St. Petersburg, FL 33701