**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CIVIL ACTION**

**VERSUS**                                       **NO. 23-1301**

**LLOG EXPLORATION**                             **SECTION: D (4)**
**OFFSHORE L.L.C.**

**CONSENT DECREE FOR**

**NATURAL RESOURCE DAMAGES**

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................- 1 -

II. JURISDICTION AND VENUE .............................................................................- 3 -

III. APPLICABILITY ..................................................................................................- 3 -

IV. DEFINITIONS .......................................................................................................- 4 -

V. STATEMENT OF PURPOSE ...............................................................................- 7 -

VI. PAYMENT BY SETTLING DEFENDANT ..........................................................- 7 -

VII. STIPULATED PENALTIES .................................................................................- 8 -

VIII. MC 209 OIL SPILL RESTORATION ACCOUNT ...........................................- 10 -

IX. COVENANTS BY THE UNITED STATES..........................................................- 11 -

X. COVENANTS BY SETTLING DEFENDANT.....................................................- 14 -

XI. COSTS ..................................................................................................................- 14 -

XII. NOTICE ...............................................................................................................- 14 -

XIII. EFFECTIVE DATE AND RETENTION OF JURISDICTION .........................- 15 -

XIV. MODIFICATION .................................................................................................- 16 -

XV. TERMINATION ...................................................................................................- 16 -

XVI. OPPORTUNITY FOR PUBLIC PARTICIPATION ...........................................- 16 -

XVII. SIGNATORIES AND SERVICE .........................................................................- 17 -

XVIII. INTEGRATION...................................................................................................- 18 -

XIX. 26 U.S.C. SECTION 162(f)(2)(A)(ii) IDENTIFICATION ..................................- 18 -

XX. FINAL JUDGMENT ...........................................................................................- 18 -

## I. __INTRODUCTION__

A.      The United States of America, on behalf of the United States Department of Commerce's National Oceanic and Atmospheric Administration ("NOAA"), has filed a Complaint against LLOG Exploration Offshore, L.L.C. ("Settling Defendant") in this Court alleging that Settling Defendant is liable to the United States under Section 1002(a) and (b)(2)(A) of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2702(a) and (b)(2)(A), for damages for injury to, destruction of, loss of, or loss of use of, Natural Resources, resulting from the 2017 discharge of oil from Settling Defendant's then-owned and -operated offshore Mississippi Canyon Block 209 subsea oil-production system under Lease OCS-G-24055 (the "MC 209 facility") in the Gulf of Mexico located on the Outer Continental Shelf of the United States.

B.      The Complaint alleges that on or about October 11, 2017, oil was discharged into the waters of the Gulf of Mexico from the MC 209 facility. The oil spilled from a fractured subsea wellhead jumper that connected the MC 209 Well No. 1 wellhead to a subsea manifold referred to as a Pipeline End Termination. The spill continued into at least the following day, October 12, 2017. These events are referred to as the "Incident."

C.      Settling Defendant reported to the U.S. Department of the Interior's Bureau of Safety and Environmental Enforcement ("BSEE") that the Incident resulted in an estimated discharge of 16,000 barrels of oil (672,000 gallons) into the waters of the Gulf of Mexico. The United States Coast Guard, in coordination with NOAA and BSEE, and Settling Defendant responded to the spill.

D.      The Complaint further alleges that the oil discharge caused injury to, destruction of, loss of, or loss of use of, Natural Resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States.

E.      The Trustee for the Natural Resources alleged to be injured is the Secretary of the Department of Commerce, through NOAA. NOAA is authorized to act pursuant to Section 1006(b)(2) of OPA, 33 U.S.C. § 2706(b)(2), Subpart G of the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP") (40 C.F.R. §§ 300.600, *et seq.*) and Executive Order 12580 (3 C.F.R., 1987 Comp. p. 193, 52 Fed. Reg. 2923 (January 23, 1987)) as amended by Executive Order 12777 (56 Fed. Reg. 54757 (October 19, 1991)). Under these authorities, NOAA acts on behalf of the public to seek damages for the injury to, destruction of, or loss of Natural Resources resulting from the discharge of oil into the environment.

F.      Following the Incident, Settling Defendant provided $100,000.00 to NOAA for Natural Resource Damage Assessment costs in connection with the Incident.

G.      Based on NOAA's work to assess the injuries in this case and experience with restoration efforts throughout the region, NOAA believes the amount to be paid by Settling Defendant as set forth in this Consent Decree constitutes adequate and reasonable compensation for Natural Resource Damages arising from the Incident.

H.      Settling Defendant neither admits the allegations in the Complaint nor liability to the United States arising out of the Incident.

I.      The Parties agree, and the Court, by entering this Consent Decree, finds that this Consent Decree has been negotiated by the Parties in good faith, that it is intended to avoid potentially prolonged and complicated litigation among the Parties and to expedite natural

resource Restoration to be performed by NOAA, and that it is fair, reasonable, in the public interest, and consistent with the purposes of OPA.

THEREFORE, with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED AND DECREED as follows:

## II.  JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to Section 1017(b) of OPA, 33 U.S.C. § 2717(b), and 28 U.S.C. §§ 1331 and 1345. Venue lies in this District pursuant to Section 1017(b) of OPA, 33 U.S.C. § 2717(b), and 28 U.S.C. § 1391(b), because Settling Defendant resides in this judicial district. The Court also has personal jurisdiction over Settling Defendant in connection with this action. For the purposes of this Consent Decree, and the underlying Complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant agrees that it will not challenge this Court's jurisdiction to enter and enforce this Consent Decree.

2.      For purposes of this Consent Decree, Settling Defendant agrees that the Complaint states claims upon which relief may be granted pursuant to Section 1002(a) and (b)(2)(A) of OPA, 33 U.S.C. § 2702(a) and (b)(2)(A).

## III. APPLICABILITY

3.      This Consent Decree applies to and is binding upon: the United States, on behalf of NOAA as the designated federal trustee for Natural Resources, including those Natural Resources at, in the vicinity of, or affected by the Incident; and upon Settling Defendant, including, without limitation, its successors, assigns, or other entities or persons otherwise bound by law.

- 3 -

4.      Any change in ownership or corporate status of Settling Defendant including, but not limited to, any transfer of assets or real or personal property, shall in no way alter Settling Defendant's rights or responsibilities under this Consent Decree. In any action to enforce this Consent Decree, Settling Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## IV. DEFINITIONS

5.      Unless otherwise expressed herein, terms used in this Consent Decree that are defined in Section 1001 of OPA, 33 U.S.C. § 2701, and in the regulations promulgated under OPA at 15 C.F.R. § 990.30, shall have the meaning assigned to them in OPA or in such regulations. In addition, whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

a. "Complaint" shall mean the civil complaint filed in this action by the United States.

b. "Consent Decree" shall mean this Consent Decree.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "DARR Fund" shall mean NOAA's Damage Assessment and Restoration Revolving Fund.

e.  "Incident" shall mean the occurrence described in Section I, Paragraph B, of this Consent Decree, including, but not limited to, the discharge of oil into the waters

of the Gulf of Mexico from Defendant's MC 209 facility commencing on October 11, 2017.

f.  "Interest" shall be calculated at the rate set forth in 28 U.S.C. § 1961.

g.  "Natural Resources" shall have the meaning provided in Section 1001(20) of OPA, 33 U.S.C. § 2701(20).

h.  "Natural Resource Damages" shall mean the damages described at Section 1002(b)(2)(A) of OPA, 33 U.S.C. § 2702(b)(2)(A), including the reasonable costs of assessing such damages.

i.  "Natural Resource Damage Assessment" shall mean the process of collecting, compiling, and analyzing information, statistics, or data through prescribed methodologies to determine damages for injuries to Natural Resources.

j.  "Future Trustee Costs" shall mean the natural resource restoration planning, implementation, and monitoring oversight costs incurred and to be incurred by NOAA in connection with the Incident, including costs to draft and finalize any Restoration Plan(s), implement environmental compliance, including permitting, if any, and to implement and oversee implementation of Restoration as well as administration of general Trustee responsibilities, such as maintaining an administrative record and administratively closing the case.

k.  "OPA" shall mean the Oil Pollution Act of 1990, Pub. L. No. 101-380, 104 Stat. 484, 33 U.S.C. §§ 2701-2761.

l.  "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral.

m.  "Parties" or "Party" (as applicable in the singular) shall mean the United States and Settling Defendant.

n.  "Removal Costs" and "Damages" shall have the meanings ascribed to them pursuant to Sections 1001(5), 1001(31), and 1002(b) of OPA, 33 U.S.C. §§ 2701(5), 2701(31), and 2702(b).

o.  "Restore" or "Restoration" shall mean any action or combination of actions to restore, rehabilitate, replace, or acquire the equivalent of any Natural Resource and services, including recreational opportunities, that were injured, lost, or destroyed as a result of the Incident.

p.  "Restoration Plan" or "Plan" shall mean a plan or plans to be developed by NOAA in accordance with OPA and its underlying regulations at 15 C.F.R. §§ 990.53 – 990.56.

q.  "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

r.  "Settling Defendant" shall mean LLOG Exploration Offshore, L.L.C., along with its successors and assigns.

s.  "Subparagraph" shall mean a portion of this Consent Decree identified by a lower-case letter.

t.  "MC 209 Oil Spill Restoration Account" or "Account" shall mean a separate project-numbered account established within the DARR Fund, which will be funded by Settling Defendant in accordance with Section VI (Payment by Settling Defendant) and maintained by NOAA in accordance with Section VIII (MC 209 Oil Spill Restoration Account).

u. "Trustee" shall mean the designated federal official, and his or her designees, who act on behalf of the public as trustee for Natural Resources, as described in Section I, Paragraph E.

v. "United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including the Department of Commerce.

## V. <u>STATEMENT OF PURPOSE</u>

6.    The mutual objectives of the Parties in entering into this Consent Decree are: (i) to provide funding by Settling Defendant to NOAA, as Trustee, to restore, replace, or acquire the equivalent of the Natural Resources allegedly injured, destroyed, or lost as a result of the Incident, including funding for planning, implementation, and oversight of the Restoration work and Future Trustee Costs; (ii) to provide payment by Settling Defendant to NOAA, as Trustee, to reimburse unpaid Natural Resource Damage Assessment costs incurred by NOAA; (iii) to resolve and settle the United States' claims against Settling Defendant for Natural Resource Damages as provided herein; and (iv) to avoid potentially costly and time-consuming litigation.

## VI. <u>PAYMENT BY SETTLING DEFENDANT</u>

7.    Within 30 Days of the Effective Date, Settling Defendant shall pay a total of $3,100,000.00 to the United States. Payment shall be made by Fedwire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing the case number and DOJ Number 90-5-1-1-12640. Payment shall be made in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of Louisiana following entry of the Consent Decree.

8.      Subject to the deduction required by 1994 CJS Appropriations Act, the payment required by Paragraph 7 shall be deposited in the DARR Fund, to be to be maintained by NOAA for its benefit and use as Trustee to reimburse unpaid Natural Resource Damage Assessment costs and to pay for Trustee-sponsored Restoration projects and Future Trustee Costs in accordance with Section VIII.

9.      At the time of the payment in Paragraph 7, Settling Defendant shall send written notice of payment and a copy of any transmittal documentation to NOAA in accordance with Section XII (Notice). The notice shall reflect that the payment is being made for the "MC 209 Natural Resource Damages Settlement."

10.     Interest shall be paid by Settling Defendant on any amounts not paid within the allotted time. If Interest is owed due to late payment under this Section, Interest shall accrue from the date of lodging of this Consent Decree and continue to accrue through the date of full payment. Payment of Interest shall be made in accordance with the instructions provided in Paragraph 7. Payment of Interest made under this Paragraph shall be in addition to such other remedies or sanctions available to the United States for Settling Defendant's failure to make timely payments under this Consent Decree including, but not limited to, payment of stipulated damages pursuant to Section VII (Stipulated Penalties).

## VII.   STIPULATED PENALTIES

11.     Assessment of Stipulated Penalties. Settling Defendant shall pay stipulated penalties for failure to make timely payment ("Noncompliance") in accordance with the deadline in Section VI (Payment by Settling Defendant) at the rate of one thousand dollars ($1,000) per Day for each Day of Noncompliance.

12.     Stipulated penalties shall begin to accrue on the day after payment is due and continue to accrue until the date of full payment.

13.     Any stipulated penalties owed for late payment under Paragraph 7 shall be paid to the United States.

14.     The United States may give Settling Defendant a written notification that it has failed to make a required payment. Such notice shall describe the Noncompliance and make a demand for the payment of the stipulated penalties. However, stipulated penalties shall accrue as provided in Paragraph 12 regardless of whether Settling Defendant has been notified of a Noncompliance. Settling Defendant shall pay stipulated penalties within 30 Days of written demand for such stipulated penalties, as determined by the date of mailing by U.S. Mail or other mail service of the written demand. Failure to notify Settling Defendant of a Noncompliance does not waive the United States' right to collect Interest resulting from the Noncompliance.

15.     If Settling Defendant fails to pay stipulated penalties when due, the United States may institute proceedings to collect the stipulated penalties, as well as Interest as provided in Paragraph 16.

16.     Interest on Stipulated Penalties. Settling Defendant shall pay Interest on any unpaid stipulated penalties, which shall begin to accrue on the 31st Day of the date of mailing of the written demand.

17.     Notwithstanding any other provision of this Section, the United States may, in the unreviewable exercise of its discretion, reduce or waive the stipulated penalties owed to it that have accrued pursuant to this Consent Decree. Any such waiver shall only apply to the stipulated penalties identified by the United States in exercising its discretion and shall not affect the right to seek the full amount of stipulated penalties due for any other Noncompliance.

18.     Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States to seek any other remedies or sanctions available by virtue of Settling Defendant's violation of this Consent Decree or of the statutes and regulations upon which it is based.

19.     Payment Instructions for Stipulated Penalties. Any stipulated penalties payment shall be accompanied by a reference to this Consent Decree, be identified as "Stipulated Penalties," and reference the "MC 209 Natural Resource Damages Settlement." Notice of payment of stipulated penalties shall be made to NOAA in the manner specified in Section XII (Notice). Stipulated penalties payments shall be made by Fedwire EFT to the U.S. Department of Justice in accordance with written instructions to be provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office for the Eastern District of Louisiana. At the time of payment, Settling Defendant shall send the United States a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which shall state that the payment is for stipulated penalties owed pursuant to the Consent Decree, and shall reference the case name, civil action number, DOJ Number 90-5-1-1-12640, and the Noncompliance for which the stipulated penalties are being paid to the United States, in accordance with Section XII (Notice).

### VIII.   MC 209 OIL SPILL RESTORATION ACCOUNT

20.     Upon receipt of the monies pursuant to Paragraph 7, NOAA will place the monies in a project-specific account within the DARR Fund to allow the monies to be maintained as a segregated account within the Fund. All monies deposited in the MC 209 Oil Spill Restoration Account in accordance with this Paragraph shall be held in the Account solely for use by NOAA to reimburse unpaid Natural Resource Damage Assessment costs incurred by NOAA and to plan,

implement, oversee, and monitor the Restoration of injuries to Natural Resources resulting from the Incident and for Future Trustee Costs.

21.     NOAA commits to the expenditure of the monies set forth in Paragraph 7, except for those used to reimburse unpaid Natural Resource Damage Assessment costs incurred by NOAA, for the planning, design, implementation, permitting (as necessary), monitoring, and oversight of Restoration projects and for the costs of complying with the requirements of the law to conduct a Restoration planning and implementation process. NOAA will use the monies to restore, rehabilitate, replace, or acquire the equivalent of any Natural Resource and its services injured, lost, or destroyed as a result of the Incident and for Future Trustee Costs.

22.     The allocation of monies for specific projects or categories of projects and Future Trustee Costs will be contained in a Restoration Plan or Plans prepared by NOAA, for which public notice, opportunity for public input, and consideration of public comment will be provided, as required under OPA and the National Environmental Policy Act, 42 U.S.C. §§ 4321 *et seq.* ("NEPA"). Once the public review process has been completed, NOAA will implement the Restoration Plan(s) with any revisions NOAA may deem appropriate after considering all public comments.

23.     Decisions regarding any use or expenditure of monies under this Section shall be made by NOAA. Settling Defendant shall not be entitled to dispute, in any forum or proceeding, any decision relating to use of monies or Restoration efforts under this Section.

### IX. <u>COVENANTS BY THE UNITED STATES</u>

24.     In consideration of the payments and actions that have been and will be made by Settling Defendant under this Consent Decree, and except as otherwise specified in this Section, the United States covenants not to sue Settling Defendant or take administrative action against

Settling Defendant for Natural Resource Damages resulting from the Incident. This covenant not to sue is conditioned upon receipt by the United States of the payment required by Section VI (Payment by Settling Defendant) and, as applicable, Section VII (Stipulated Penalties). The covenant not to sue extends only to Settling Defendant and does not extend to any other person.

25.     Reservations of Rights. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters other than those expressly specified in the covenant not to sue set forth in Paragraph 24, including, but not limited to:

a.  Claims against Settling Defendant for its failure to meet a requirement of this Consent Decree;

b.  Claims against Settling Defendant for Natural Resource Damages that are not a result of the Incident;

c.  Claims against Settling Defendant for criminal liability associated with the Incident;

d.  Claims against Settling Defendant for civil penalties and injunctive relief under the Clean Water Act for spills or discharges from the Incident; and

e.  Claims, other than claims for Natural Resource Damages related to the Incident, against Settling Defendant that the United States, on behalf of the United States Environmental Protection Agency or the United States Coast Guard may have under any applicable law, including for recovery of OPA Removal Costs and Damages.

26.     Special Reservations Regarding Natural Resource Damages. Notwithstanding any other provision of this Consent Decree, the United States reserves the right to institute

- 12 -

proceedings against Settling Defendant in this action or in a new action seeking recovery of Natural Resource Damages based on:

      a.   Conditions caused by the Incident, unknown by NOAA as of the date of the lodging of this Consent Decree, that cause new or additional injury to, destruction of, loss of, or loss of use of such Natural Resources; or

      b.   Information received by NOAA after the date of lodging of this Consent Decree indicating that the Incident has resulted in new or significant additional injury to, destruction of, loss of, or loss of use of, such Natural Resources which injury is of a type that was unknown or a magnitude greater than was known by NOAA as of the date of lodging of this Consent Decree.

27.     Pursuant to 33 U.S.C. § 2715(c), the United States expressly reserves, and Settling Defendant expressly acknowledges, the right of the United States to institute proceedings, to take judgment thereon, and collect such judgment(s) thereon against Settling Defendant or any other liable person, to seek and recover Removal Costs and Damages resulting from the Incident based on claims submitted to or filed against the United States, including claims against the Oil Spill Liability Trust Fund.

28.     This Consent Decree shall not preclude the United States from instituting a separate or ancillary action to enforce the terms of this Consent Decree.

29.     Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. In addition, nothing in this Consent Decree shall limit, enlarge, or otherwise affect, the private rights or claims of any person not a Party to this Consent Decree, except as may be determined otherwise by a court of competent jurisdiction.

## X.   COVENANTS BY SETTLING DEFENDANT

30.     Settling Defendant hereby covenants not to sue and agrees not to assert any claims or causes of action against the United States, and its employees, agents, contractors, departments, agencies, administrations, and bureaus arising from the Incident, including, without limitation, any potential or pending claims against the Oil Spill Liability Trust Fund relating to the Incident.

31.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, penalties, costs, damages, criminal liability, or other relief relating to the Incident, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon a contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 24.

## XI. COSTS

32.     The United States shall be entitled to collect from Settling Defendant the costs (including reasonable attorneys' fees) incurred in any action necessary to collect any portion of the amounts due under Section VI (Payment by Settling Defendant), or any stipulated penalties due but not paid under Section VII (Stipulated Penalties).

## XII.   NOTICE

33.     Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and addressed to those listed below. All notices under this Section are effective upon receipt, unless otherwise specified. Except as otherwise provided, notice to a Party by email (if that option is

provided below) or by regular mail in accordance with this Section satisfies any notice requirement of this Consent Decree regarding such Party.

<u>As to the United States</u>:

<u>For the Department of Justice</u>

EES Case Management Unit
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
eescdcopy.enrd@usdoj.gov
Re: DOJ Number 90-5-1-1-12640

<u>For NOAA</u>

National Oceanic and Atmospheric Administration
Office of General Counsel
Natural Resources Section
Attn: Grant Blumberg
263 13th Avenue South, Suite 186
St. Petersburg, FL 33701
grant.blumberg@noaa.gov

<u>As to Settling Defendant</u>:

George M. Gilly
LLOG Exploration Offshore, L.L.C.
Vice President and General Counsel
1001 Ochsner Blvd #100
Covington, LA 70433
georgeg@llog.com

34.     Any Party may, by written notice to other Parties, change its designated notice recipient or notice address provided above.

## XIII.   **EFFECTIVE DATE AND RETENTION OF JURISDICTION**

35.     This Consent Decree shall take effect upon entry of the Consent Decree by the Court or upon the Court granting a motion to enter this Consent Decree, whichever occurs first as recorded on the Court's docket.

36.     This Court retains jurisdiction over both the subject matter of this Consent Decree and the Parties for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms.

## XIV.   MODIFICATION

37.     The terms of this Consent Decree may be modified only by a subsequent written agreement signed by all Parties. Where the modification constitutes a material change to any term of this Consent Decree, it shall be effective only upon approval by the Court.

38.     In any dispute concerning modification of this Consent Decree, the Party seeking modification bears the burden of demonstrating that it is entitled to the modification in accordance with Federal Rule of Civil Procedure 60(b).

## XV.   TERMINATION

39.     This Consent Decree will terminate automatically upon completion of the payments by Settling Defendant of the amount required under Section VI (Payment by Settling Defendant) and payment of any applicable stipulated penalties under Section VII (Stipulated Damages).

## XVI.   OPPORTUNITY FOR PUBLIC PARTICIPATION

40.     This Consent Decree shall be lodged with the Court for at least 30 days for public notice and comment.

41.     The United States reserves the right to withdraw or withhold its consent to the Consent Decree if comments received regarding the Consent Decree disclose facts or considerations that indicate the Consent Decree is inappropriate, improper, or inadequate.

42.     Settling Defendant consents to the entry of this Consent Decree without further notice and agrees not to withdraw or oppose entry of the Consent Decree or to challenge any provision of the Consent Decree.

43.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVII.  SIGNATORIES AND SERVICE

44.     The Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice or his designee and the undersigned representative of Settling Defendant each certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

45.     This Consent Decree may be signed in counterparts and, as executed, shall constitute one agreement, and its validity shall not be challenged on that basis.

46.     Settling Defendant shall identify, on the attached signature page, the name and address of agents who are authorized to accept service of process by mail on its behalf with respect to all matters arising under or relating to this Consent Decree. Settling Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons. Settling Defendant need not file an answer to the Complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVIII.  <u>INTEGRATION</u>

47.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Consent Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied therein. No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Consent Decree or the settlement it represents, nor shall it be used in construing the terms of this Consent Decree.

## XIX.   <u>26 U.S.C. SECTION 162(f)(2)(A)(ii) IDENTIFICATION</u>

48.     For purposes of the identification requirement of Section 162(f)(2)(A)(ii) of the Internal Revenue Code, 26 U.S.C. 162(f)(2)(A)(ii), the payment required by Paragraph 7 is restitution, remediation or required to come into compliance with law.

## XX.     <u>FINAL JUDGMENT</u>

49.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the Parties for the Natural Resource Damages settled herein.

New Orleans, Louisiana, June 6, 2023.

**WENDY B. VITTER**
**United States District Judge**

Signature Page to Consent Decree in *United States v. LLOG Exploration Offshore, L.L.C.*

**FOR PLAINTIFF THE UNITED STATES OF AMERICA:**

THOMAS A. MARIANI, JR.
Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

April 19, 2023
Date

THOMAS P. CARROLL
Assistant Section Chief (D.C. Bar No.
388593) Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044
Phone: (202) 514-4051
Fax: (202) 616-6584
Email: thomas.carroll@usdoj.gov

DUANE EVANS
United States Attorney
Eastern District of Louisiana

BROCK D. DUPRE
Deputy Chief, Civil Division
LA Bar Roll No. 28563
650 Poydras Street, Ste. 1600
New Orleans, LA 70130
Office: (504) 680-3005
Facsimile: (504) 680-3184
Brock.dupre@usdoj.gov

OF COUNSEL:
Grant Blumberg
Attorney-Advisor
Natural Resources Section
NOAA Office of General Counsel
263 13th Avenue South, Suite 186
St. Petersburg, FL 33701
Email: grant.blumberg@noaa.gov
Phone: (727) 824 - 5386
Cell: (301) 651 - 3134

Signature Page to Consent Decree in *United States v. LLOG Exploration Offshore, L.L.C.*

**FOR NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION AS NATURAL RESOURCE TRUSTEE:**

3 - 10 - 23
_____          _____
Date                                    CHAUNCEY KELLY
                                            Section Chief
                                            Natural Resources Section
                                            Office of General Counsel
                                            National Oceanic and Atmospheric Administration
                                            1315 East-West Highway
                                            SSMC3, Suite 15107
                                            Silver Spring, MD 20910

*Signature Page to Consent Decree in United States v. LLOG Exploration Offshore, L.L.C.*

**FOR DEFENDANT LLOG EXPLORATION OFFSHORE, L.L.C.:**

February 27, 2023
Date

George M. Gilly
LLOG Exploration Offshore, L.L.C.
Vice President and General Counsel
1001 Ochsner Blvd #100
Covington, LA 70433
Phone: 985-801-4300
Fax: 985-801-4795
Email: georgeg@llog.com

Agent designated to accept service of process:

Name:    Kemberlia K. Ducote

Address: 1001 Ochsner Blvd., Suite 100
         Covington, LA 70433